**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5106**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JULIO CESAR TEJEDA,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00131-RJC-8)

_____

Submitted:  January 20, 2012          Decided:  January 27, 2012

_____

Before DUNCAN, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Noell P. Tin, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Cesar Tejeda appeals the 84-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). Counsel for Tejeda has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether trial counsel provided ineffective assistance at sentencing and the reasonableness of the sentence imposed. Counsel states, however, that he has found no meritorious grounds for appeal. Tejeda has filed a pro se supplemental brief raising additional issues. We affirm.

To the extent that Tejeda challenges the sentence imposed by the district court, we review under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive

reasonableness of the sentence, taking into account the totality of the circumstances.  United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'"  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence.  Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2011)).  The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'"  United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable.  The district court calculated the Guidelines range and understood that it was advisory.  Furthermore, it is apparent that the court had a reasoned basis for its decision.  The court made an

3

individualized statement explaining the sentence imposed. Thus, the court imposed a reasonable sentence under the circumstances.

Additionally, Tejeda is not entitled to relief on his claim of ineffective assistance of counsel. We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Otherwise, such claims are more properly raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). Our review convinces us that ineffective assistance does not conclusively appear on the face of this record, and therefore we decline to address this claim on direct appeal.

In his supplemental pro se brief, Tejeda first challenges the district court's subject matter jurisdiction over drug offenses. This claim is without merit. See United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (rejecting Commerce Clause challenge to § 841(a)); see also Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999) ("A federal district court plainly possesses subject matter jurisdiction over drug cases").

Tejeda also claims that the district court erred in applying an enhancement for his role in the offense and in calculating the amount of heroin attributable to him for sentencing purposes. We have reviewed the record and find no

4

error in the district court's application of the leadership role enhancement or in its findings as to drug quantity.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw. This court requires that counsel inform Tejeda, in writing, of the right to petition the Supreme Court of the United States for further review. If Tejeda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tejeda. We deny Tejeda's motion for an injunction pending appeal, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5